IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA KIA'I KAI, *et al.*, | Case No. 22-cv-00304-DKW-KJM |
| Plaintiffs, | |
| vs. | **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| COUNTY OF KAUA'I, ELIZABETH A. CHAR, *in her official capacity as Director of Health of the Department of Health, State of Hawai'i*, | |
| Defendant. | |

## <u>INTRODUCTION</u>

Plaintiffs Na Kia'i Kai and Surfrider Foundation (Plaintiffs) move for summary judgment against Defendants County of Kaua'i (County) and Elizabeth Char in her official capacity as the Director of the Department of Health (DOH) on Plaintiffs' sole claim that Defendants violated the Clean Water Act (CWA) by discharging polluted water from the Kikiaola Harbor Drain into waters of the United States without a National Pollutant Discharge Elimination System (NPDES) permit.   The County has taken no position with respect to the motion for summary judgment.   The DOH, though, opposes the relief sought, essentially arguing that a NPDES permit is unnecessary for the discharges alleged here.

Having reviewed the parties' briefs, statements of fact, the record generally, and applicable law, the Court finds that Plaintiffs are clearly entitled to summary judgment with respect to their claim.   Factually, DOH does not properly dispute *any* of the factual statements or evidence presented by Plaintiffs, given that DOH does not present *any* evidence in support of its purported disputes.   Moreover, the meager evidence cited by DOH in support of its own factual statements does not actually support the same.   With their factual premise established, each element of Plaintiffs' CWA claim is evident, including the discharge of a pollutant to navigable waters from a point source without a NPDES permit.   Therefore, as more fully discussed below, the motion for summary judgment, Dkt. No. 39, is GRANTED.

## <u>PROCEDURAL BACKGROUND</u>

On July 14, 2022, Plaintiffs initiated this lawsuit against the County and DOH, bringing one claim related to the County's alleged violation of the CWA by discharging polluted water from Kikiaola Harbor Drain into waters of the United States without a NPDES permit.   Dkt. No. 1.   Plaintiffs seek injunctive relief, requiring the County to apply for a NPDES permit and DOH to process and issue the same, as well as civil penalties.   In August 2022, the County and DOH each answered.   Dkt. Nos. 11, 14.

On March 31, 2023, Plaintiffs filed the instant motion for summary judgment (motion).   Dkt. No. 39.   Plaintiffs also filed a concise statement of facts (PSOF).   Dkt. No. 40.   Thereafter, the Court set the motion for hearing on June 9, 2023, with briefing pursuant to Local Rule 7.2, which meant that responses to the motion were due by May 19, 2023.   *See* Dkt. No. 43; Local Rule 7.2.   On April 17, 2023, prior to the response deadline, the parties submitted a joint stipulation, which bifurcated the "liability" and "remedy" portions of this case.   Dkt. No. 50. The instant motion concerns the "liability" phase.   *See id*. at 2.

Subsequently, on May 17, 2023, Plaintiffs and the County submitted a stipulation regarding the motion.   Dkt. No. 52.   Specifically, therein, the County agreed to take no position on the motion, and Plaintiffs agreed to waive pursuit of attorneys' fees against the County during the "liability" phase of this case, together with certain civil penalties.   A day later, the County filed its statement of no position with respect to the motion.   Dkt. No. 54.

On May 19, 2023, DOH filed an opposition to the motion.   Dkt. No. 55. DOH also filed a response to Plaintiffs' concise statement of facts, as well as its own statement of additional facts (DSOF).   Dkt. No. 56.   On May 26, 2023, Plaintiffs filed a reply in support of the motion, as well as a response to DOH's

statement of additional facts.   Dkt. Nos. 61, 62.   After vacating the hearing on the

motion, Dkt. No. 63, this Order now follows.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to

summary judgment "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."   When the

moving party bears the burden of proof, "it must come forward with evidence

which would entitle it to a directed verdict if the evidence went uncontroverted…."

*Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992).   This means that the

movant "must establish beyond controversy every essential element" of its claim.

*See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003)

(quotation omitted).   In assessing a motion for summary judgment, all facts,

including disputed facts, are construed in the light most favorable to the non-

moving party.   *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009); *Genzler

v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

## FACTUAL BACKGROUND

The facts in the light most favorable to DOH, as the party opposing the

motion, reflect the following.   When it is opened, the Kikiaola Harbor Drain

Outfall (Outfall) is the point at which water flowing from the Kikiaola Harbor

Drain (Drain)[1] enters the Pacific Ocean within three miles of the coast.   PSOF at ¶¶ 4, 19; DSOF at ¶ 1.   The Drain is a ditch.   PSOF at ¶ 3.[2]   In addition, the channels and canals that connect to the Drain are unlined, earthen ditches.   Decl. of Andrew P. Hood at ¶ 11, Dkt. No. 40-26.

The waters discharged from the Kikiaola Harbor Drain System contain sediment.   PSOF at ¶ 12; DSOF at ¶ 1.   Some of this sediment originates from the banks and beds of the Drain and its connecting ditches.   Hood Decl. at ¶ 12. Stormwater runoff is collected within the boundaries of the "Waimea 400 Parcel" and, when an earthen berm is removed from the Drain, "polluted" water from the Waimea 400 Parcel flows through the Drain into the Pacific Ocean at the Outfall. DSOF at ¶ 1(a).   The waters discharged from the Kikiaola Harbor Drain System contain enterococci, which enter via stormwater runoff from the surrounding land, including the Waimea Wastewater Treatment Plant.   PSOF at ¶ 16; DSOF at ¶ 1.

---

[1] The Court notes that DOH appears to define Kikiaola Harbor Drain as Kikiaola Stream.   *See* DSOF at ¶ 1(a).   Although the Court has not been made aware of a meaningful difference in the parties' differing terms, herein, the Court uses Kikiaola Harbor Drain or the Drain.

[2] DOH objects to the characterization of the Drain as a ditch.   DSOF at ¶¶ 2, 3(a), 3(b).   DOH does so, though, without citing to *any* evidence.   *See id*.   This is improper given the evidence to which Plaintiffs cite, notably, DOH's own admission in its Answer and in its "Mana Plain Site Report", both of which concede that the Drain is a ditch.   *See* PSOF at ¶ 3 (citing, *inter alia*, Dkt. No. 11 at ¶ 1 ("the modified stream channel that ends at Kikiaola Small Boat Harbor is an unlined earthen ditch") (definition omitted), Dkt. No. 40-24 at 9-10); Fed.R.Civ.P. 56(c)(1)(providing that a party asserting that a fact is genuinely disputed must support the same by either citing to evidence in the record or showing that materials cited by the movant do not establish the fact).   Here, DOH has done neither.

The discharged waters also contain TPH-diesel, oil, and grease, which enter via stormwater runoff from the surrounding land, including a gravel and asphalt plant. PSOF at ¶ 17; DSOF at ¶ 1.   The discharged waters also contain nutrients, including nitrogen, total kjeldahl nitrogen, total phosphorous, and nitrate-nitrite. PSOF at     ¶ 18; DSOF at ¶ 1.

Since at least May 15, 2017, the County has been solely responsible for authorizing discharges from the Outfall into the Pacific Ocean.   PSOF at ¶ 5; DSOF at ¶ 1.   Since August 22, 2019, the County has owned, operated, and maintained the portion of the Drain located mauka (mountain-side) of the Kaumualiʻi Highway, as well as ditches located within the boundaries of the Waimea 400 Parcel that are connected to the Drain.   PSOF at ¶ 6; DSOF at ¶ 1. Upon the County's authorization, the Outfall is opened by breaching one or more earthen berms to allow drainage waters to enter the Pacific Ocean.   PSOF at ¶ 8; *see* DSOF at ¶ 1(c).   In recent years, the County has authorized the opening of the Outfall on at least three occasions: approximately March 17, 2020, March 12, 2021, and December 6, 2021.   PSOF at ¶ 9; DSOF at ¶ 1.   The County will continue to authorize the opening of the Outfall during times of significant rainfall events.   PSOF at ¶10; DSOF at ¶ 1.

The County does not have a NPDES permit for pollutant discharges from the Outfall to the Pacific Ocean.   PSOF at ¶ 20; DSOF at ¶ 1.   In fact, there has not been a NPDES permit in place for pollutant discharges from the Outfall since August 3, 2015, approximately two years before the County became solely responsible for it.   PSOF at ¶ 21; DSOF at ¶ 1.[3]

## DISCUSSION

In the motion, Plaintiffs argue that they are entitled to summary judgment on their sole claim of a violation of the CWA because the County is discharging pollutants into navigable waters from a point source without a NPDES permit. For the reasons discussed below, the Court agrees.

A violation of the CWA occurs when a defendant: (1) discharges (2) a pollutant (3) to navigable waters (4) from a point source (5) without a NPDES permit.   *Comm. to Save Mokelumne River v. E. Bay Mun. Util. Dist.*, 13 F.3d 305,

---

[3]In its additional statement of facts, DOH asserts (1) the Drain is a "State water", and (2) the Drain is a "navigable water of the United States[] and has the characteristics of a stream." DSOF at ¶ 4.   The evidence to which DOH cites, however, supports neither statement.   First, the "Mana Plain Surface Water Quality Regulatory Analysis" on which DOH relies does not state that the Drain is a "State water."   Rather, it states that "the modified stream channels, canals, and ocean outlets associated with *ADC's [Agricultural Development Corporation] Mana Plain facility* are state waters…."   Moreover, the cited document is one created "at the direction" of DOH.   Dkt. No. 57 at 2.   DOH cannot simply create so-called facts to its liking. Second, the letter from the U.S. Army Corps of Engineers, on which DOH also relies, does not state that the Drain is a navigable water of the United States with characteristics of a stream. Rather, it states that "*the outlet to the Pacific Ocean at Kikiaola Harbor* has been determined to be a Section 10 water" and is "associated with a stream."   Dkt. No. 59-1 at 2.

7

308-309 (9th Cir. 1993).   Here, the County does not dispute that Plaintiffs have established each of these elements.   *See* Dkt. Nos. 38, 53.   For its part, DOH does not dispute four of the five elements above.   Specifically, DOH does not dispute that the County (1) discharges (2) pollutants (3) to navigable waters (5) without a NPDES permit.   In other words, the only element DOH disputes is whether the County's discharges of pollutants to navigable waters without a NPDES permit come (4) from a point source.   *See generally* Dkt. No. 55.   The Court, therefore, focuses its analysis below on that element.

Plaintiffs argue that the discharges here come from a point source because the Kikiaola Harbor Drain System consists of ditches, which the CWA expressly defines as a type of point source.   Dkt. No. 39-1 at 26-27.   In light of the facts set forth above, which, as explained, have not been disputed or, at least, properly disputed by DOH, the Court agrees.   Specifically, the facts show that the Drain is a ditch and the channels and canals that connect to it are unlined, earthen ditches. Under the CWA, therefore, the discharges at issue here come from a point source. *See* 33 U.S.C. § 1362(14) (defining "point source" as "any discernible, confined and discrete conveyance, including but not limited to any…ditch….").

DOH argues otherwise.   First, DOH appears to argue that, because there are allegedly nonpoint sources within the Mana Plain, of which the Drain is a part, the

entire Plain should be subject to nonpoint source regulation–regulation that DOH asserts is "currently being developed" by the state.    Dkt. No. 55 at 3-5.    DOH provides neither legal nor factual support for this proposition.    Specifically, DOH cites not one piece of evidence for the proposition that there are nonpoint sources within the Mana Plain.    *See id*.    Similarly, DOH cites not one case to support the proposition that, even if an area contained both point and nonpoint sources, the CWA's NPDES permit requirements are essentially waived with respect to the area's point sources.    *See id*.    Therefore, the Court does not find this to be a persuasive reason to ignore the plain language of the CWA.

Second, DOH argues that the Drain is a navigable water or a "Water of the United States" and, because it flows into the Pacific Ocean, which is also a Water of the United States, discharges from the same are excluded from needing a NPDES permit.    Dkt. No. 55 at 6-9.    As noted earlier, however, the evidence to which DOH cites for the proposition that the Drain is a navigable water does not, in fact, support the same.    *See supra* n.3.    At most, it suggests that the *Outfall* may be a navigable water–something that does nothing to substantiate that the water mauka of the Outfall, *i.e.*, water in the Drain that leads to the Outfall, is similarly navigable water.    Moreover, even it was, DOH fails to adequately establish that the same would be excluded from NPDES permit requirements.

9

Specifically, as DOH acknowledges, to be exempt from NPDES permit requirements, the transferring Water of the United States must not introduce pollutants into the receiving Water of the United States.   *See* Dkt. No. 55 at 7 (citing 40 C.F.R. § 122.3(i) (providing that the exclusion from NPDES permit requirements "does not apply to pollutants introduced by the water transfer activity itself to the water being transferred.")).   Here, Plaintiffs have established and, as mentioned, DOH does not dispute, that the Kikiaola Harbor Drain System, which includes the Drain and the Outfall, discharges pollutants into the Pacific Ocean. This is more than sufficient to establish that the exemption upon which DOH relies does not apply here.   *See Na Kia'i Kai v. Nakatani*, 401 F. Supp. 3d 1097, 1109 (D. Haw. 2019) (concluding that "the entire [Mana Plain Drainage Ditch] System represents the water transfer activity, not the pumps studied in isolation."). Therefore, the Court rejects these arguments as grounds to ignore the CWA's NPDES permitting requirements.[4]

Because Plaintiffs have established each of the elements of their sole claim under the CWA, the Court GRANTS the motion for summary judgment, Dkt. No. 39, on the issue of liability.

---

[4]At the conclusion of its opposition, DOH asserts that its determination−that a NPDES permit is not required for the Drain−should not be set aside "without an opportunity to provide new and additional facts not available to this Court in 2019" when *Nakatani* was issued.   Dkt. No. 55 at

## <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for summary judgment, Dkt. No. 39.   The parties are instructed to contact the assigned   Magistrate Judge for purposes of preparing a Fed.R.Civ.P. 16 scheduling order for the "remedy" portion of this case.   *See* Dkt. No. 50 at 4.

IT IS SO ORDERED.

DATED: June 13, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Na Kia'i Kai, et al vs. County of Kauai, Elizabeth Char*; Civil. No. 22-00304 DKW-KJM; **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

---

10.   The instant motion provides precisely that opportunity.   Yet, as described, DOH has abjectly failed to present any evidence disputing Plaintiffs' statements of fact and, with respect to DOH's own statements, evidence that is inapplicable.   Moreover, DOH has not suggested that any new facts it wishes to present are unavailable to it and, thus, may warrant a continuance of the instant motion.   *See* Fed.R.Civ.P. 56(d).   Therefore, the Court does not find this plea to be a ground to ignore the CWA either.