DAVID L. HENKIN              #6876
KYLIE W. WAGER CRUZ    #10165
ELENA L. BRYANT           #9548
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawaiʻi 96813
Telephone No.: (808) 599-2436
Email:  dhenkin@earthjustice.org
            kwager@earthjustice.org
            ebryant@earthjustice.org

Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| NĀ KIAʻI KAI, an unincorporated association, and SURFRIDER FOUNDATION, a non-profit corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF KAUAʻI,<br><br>and<br><br>ELIZABETH A. CHAR, in her official capacity as Director of Health of the DEPARTMENT OF HEALTH, STATE OF HAWAIʻI,<br><br>　　　　　Defendants. | Civil No. 22-00304 DKW-KJM<br><br>SETTLEMENT AGREEMENT AND ORDER (Remedy Phase); ATTACHMENTS A – B |

---

* Pursuant to Local Rule 10.2(b), please refer to the signature page for the complete list of parties represented.

SETTLEMENT AGREEMENT

WHEREAS, in July 2019, this Court ruled in a previous related lawsuit that discharging pollutants from the Mānā Plain Drainage Ditch System—which has six (6) ocean outfalls including the Kīkīaola Harbor Drain—to the Pacific Ocean without the required National Pollutant Discharge Elimination System ("NPDES") permit violates the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, *see Nā Kiaʻi Kai v. Nakatani*, 401 F. Supp. 3d 1097, 1100, 1103, 1104 (D. Hawaiʻi 2019);

WHEREAS, in July 2018, the Court granted the Director of Health for the State of Hawaiʻi Department of Health's ("DOH's") motion to be dismissed from the previous related lawsuit;

WHEREAS, after the Court issued its July 2019 order in the previous related lawsuit, the State of Hawaiʻi Agribusiness Development Corporation applied for a NPDES permit for all of the Mānā Plain Drainage System outfalls except for the Kīkīaola Harbor Drain;

WHEREAS, since May 15, 2017, if not earlier, the County of Kauaʻi ("County") has been solely responsible (per relevant standard operating procedures) for authorizing discharges from the Kīkīaola Harbor Drain to the Pacific Ocean during times of significant rainfall events (ECF No. 38, ¶3);

WHEREAS, on or about March 31, 2022, the County submitted to DOH a NPDES permit application for discharges to the Pacific Ocean from the Kīkīaola Habor Drain (ECF No. 38, ¶27);

WHEREAS, to date, DOH/the Director of Health has not issued any NPDES permit for any of the Mānā Plain Drainage Ditch System's six (6) outfalls, including the Kīkīaola Harbor Drain;

WHEREAS, on July 14, 2022, Plaintiffs Nā Kiaʻi Kai and Surfrider Foundation (hereinafter, collectively referred to as "Plaintiffs") filed suit in this case against the County and Elizabeth A. Char, in her official capacity as Director of Health of DOH (hereinafter, collectively referred to as "Defendants") alleging that the County was violating the CWA by discharging polluted drainage waters from the Kīkīaola Harbor Drain to the Pacific Ocean without the required NPDES permit (ECF No. 1);

WHEREAS, Plaintiffs named the Director of Health as a necessary party to the action because DOH, through the Director of Health, is responsible for issuing NPDES permits in compliance with the CWA, and because Plaintiffs alleged that DOH had refused to issue a NPDES permit for discharges from the Kīkīaola Harbor Drain (ECF No. 1, ¶26);

WHEREAS, Plaintiffs further requested injunctive relief and civil penalties pursuant to 33 U.S.C. § 1319(d) and 40 C.F.R. § 19.4, among other relief, to

remedy the County's alleged CWA violations (ECF No. 1 at 25-26), as well as an award of litigation costs, including reasonable attorney and expert witness fees, pursuant to 33 U.S.C. § 1365(d);

WHEREAS, on March 31, 2023, Plaintiffs and the County entered into a joint stipulation of facts regarding the County's discharges from the Kīkīaola Harbor Drain (ECF No. 38), which included stipulated facts that the Kīkīaola Harbor Drain collects stormwater runoff from land uses located both on and off of the Waimea 400 Parcel Site that the County owns, including from a gravel and asphalt plant ("Maui Asphalt") and the Waimea Wastewater Treatment Plant ("Waimea WWTP"), and then discharges that stormwater runoff to the nearshore waters of the Pacific Ocean (ECF No. 38, ¶14);

WHEREAS, on March 31, 2023, Plaintiffs moved for summary judgment regarding the County's liability under the CWA for pollution from the Kīkīaola Harbor Drain (ECF No. 39);

WHEREAS, on April 17, 2023, this Court approved and ordered the parties' joint stipulation to bifurcate this action into two phases, *i.e.*, the "Liability Phase" and the "Remedy Phase," to conserve judicial resources and to provide additional time for the parties to explore settlement before incurring substantial further costs (ECF No. 50);

WHEREAS, on May 18, 2023, the County filed its statement of no position on Plaintiffs' motion for summary judgment (ECF Nos. 53 & 54), pursuant to the Plaintiffs' and the County's joint stipulation, approved and ordered by the Court on May 19, 2023, whereby the County agreed to file the statement of no position in exchange for Plaintiffs' agreement not to seek attorneys' fees and civil penalties against the County associated with the "Liability Phase" of this lawsuit (ECF No. 60);

WHEREAS, on June 13, 2023, the Court entered an order granting Plaintiffs' motion for summary judgment, which completely resolved the "Liability Phase" of this lawsuit (ECF No. 65);

WHEREAS, the parties have reached an agreement resolving the "Remedy Phase" of this case;

WHEREAS, the parties have agreed to enter into this Settlement Agreement ("Agreement"), without any admission of fact or law, which they consider to be a just, fair, adequate, and equitable resolution of the "Remedy Phase" of this action; and

WHEREAS, it is in the interest of the public, the parties, and judicial economy to resolve the "Remedy Phase" of this action without protracted litigation;

NOW, THEREFORE, the parties to this Agreement ("Parties") agree, and the Court orders, as follows:

## DOH/THE DIRECTOR OF HEALTH OBLIGATIONS

1.  Within three hundred sixty-five (365) days of execution of this Agreement, DOH/the Director of Health shall issue one or more draft NPDES permits for all outfalls of the Mānā Plain Drainage Ditch System, including but not limited to the outfalls of Kīkīaola Harbor Drain, Kawai'ele Outfall, Nohili Outfall, First Ditch, Second Ditch, and Cox Drain as identified in *Nā Kia'i Kai v. Nakatani*, 401 F. Supp. 3d 1097, 1100, 1103, 1104 (2019); and *Nā Kia'i Kai v. Cnty. of Kaua'i*, No. 22-CV-00304-DKW-KJM, 2023 WL 3981422, at *4 (D. Haw. June 13, 2023). DOH/the Director of Health shall notify Plaintiffs upon the preparation and public notice of any and all draft NPDES permits pursuant to this Paragraph.

2.  DOH/the Director of Health shall issue one or more final NPDES permits for all outfalls of the Mānā Plain Drainage Ditch System, including but not limited to Kīkīaola Harbor Drain, Kawai'ele Outfall, Nohili Outfall, First Ditch, Second Ditch, and Cox Drain as identified in *Nā Kia'i Kai v. Nakatani*, 401 F. Supp. 3d 1097, 1100, 1103, 1104 (2019); and *Nā Kia'i Kai v. Cnty. of Kaua'i*, No. 22-CV-00304-DKW-KJM, 2023 WL 3981422, at *4 (D. Haw. June 13, 2023). For each and every draft NPDES permit prepared and publicly noticed pursuant to Paragraph 1, *supra*, DOH/the Director of Health shall issue a final NPDES permit

within one hundred eighty (180) days of public notice of such draft NPDES permit. DOH/the Director of Health shall notify Plaintiffs upon the issuance of any and all final NPDES permits pursuant to this Paragraph.

3. If DOH/the Director of Health anticipates missing a draft or final NPDES permit deadline set forth in Paragraphs 1 or 2, *supra*, DOH/the Director of Health shall notify Plaintiffs at least thirty (30) days before the missed deadline. Plaintiffs and DOH/the Director of Health shall meet and confer over a period of at least ten (10) days on whether to extend the deadline by agreement. If Plaintiffs and DOH/the Director of Health are unable to reach agreement during the ten (10)-day meet-and-confer period, DOH/the Director of Health may file a motion to extend the deadline based on unforeseen circumstances.

## COUNTY OBLIGATIONS

4. The County shall not withdraw its NPDES permit application, submitted to DOH on or about March 31, 2022, for discharges from the Kīkīaola Harbor Drain.

5. Until the DOH/the Director of Health issues a final NPDES permit to the County for discharges from Kīkīaola Harbor Drain, the County shall conduct water quality monitoring via either Department of Public Works employees or third parties under contract as follows:

    a. <u>Frequency</u>:

    i. Beginning within ninety (90) days of execution of this Agreement, dry weather sampling twice each calendar year (in separate quarters) in water and bed sediment (Note: Bed sediment samples and testing are required for only enterococcus, TPH, PAH, glyphosate, and the extended panel of pesticides (*see* Paragraph 5.b, *infra*)).

   ii. Beginning upon execution of this Agreement, wet weather sampling in water for each time that the Kīkīaola Harbor Drain is opened as follows:

1. Upon determining the need to open the Kīkīaola Harbor Drain, the County Department of Public Works shall immediately notify all contractors and subcontractors that are directly or indirectly responsible for sample collection so that samples may be collected as soon as practicable after opening the Kīkīaola Harbor Drain.

2. The County shall make best efforts to sample once as soon as practicable within six (6) hours after opening the Kīkīaola Harbor Drain.

3. If, despite best efforts, the County is unable to conduct wet weather sampling within six (6) hours after opening, the County shall sample once within twelve (12) hours after opening. In addition, within twenty-four (24) hours after opening the Kīkīaola Harbor Drain, the County shall notify Plaintiffs of the failure to conduct wet weather sampling within the six (6)-hour timeframe and the specific reasons therefor.

4. The County shall sample once twenty-four (24) hours after opening, if the outfall is discharging into the ocean.

5. The County shall sample once forty-eight (48) hours after opening, if the outfall is discharging into the ocean.

6. Plaintiffs acknowledge that if the County has not secured an agreement with third-party contractors to conduct the water quality monitoring required under Paragraph 5 of this Agreement before the Kīkīaola Harbor Drain is opened, the County will conduct the wet weather water

          quality monitoring required under Paragraph 5 of this Agreement pursuant to an emergency contract.

b. <u>Parameters</u>: Turbidity, all species of nitrogen, phosphorous, enterococcus, TSS, TPH, PAH, glyphosate, and extended panel of pesticides (*see* Attachment A).

c. <u>Holding times</u>: The County shall make best efforts to ensure that water quality testing is conducted within holding times as follows:

    Turbidity: 48 hours

    All species of nitrogen: 48 hours for NO2; otherwise, 28 days

    Phosphorous: 28 days

    Enterococcus: 8 hours

    TSS: 7 days

    TPH: 7 days

    PAH: 7 days

    Glyphosate: 14 days

    Extended panel of pesticides (*see* Attachment A): 7 days

If water quality testing is not conducted within a holding time, the County shall, in its quarterly water quality reporting to Plaintiffs, *see* Paragraph 5.h, *infra*, notify Plaintiffs of the failure to conduct water quality testing within the holding time and the specific reasons therefor.

d. <u>Sampling Location</u>: The ditch between the berm at Kīkīaola Small Boat Harbor and Kaumualiʻi Highway (*see* Attachment B).

e. <u>Flow measurements</u>: The County shall measure flow in the ditch at the same time and location as each dry and wet weather sampling event described in Paragraphs 5.a and 5.d, *supra*;

    f. Except for any wet weather sampling conducted under an emergency contract pursuant to Paragraph 5.a.ii.6, *supra*, the County shall prepare a sampling and analysis plan (SAP) outlining the protocols and methods and a quality assurance plan for Plaintiffs' review and input prior to implementation; Plaintiffs acknowledge that the County's third-party contractors will need a minimum of four (4) weeks from their contract notice to proceed (NTP) with the County to coordinate and develop a draft of their SAP;

    g. All laboratories conducting water quality testing pursuant to Paragraphs 5.a.i and 5.b, *supra*, will follow quality assurance/quality control protocols; and

    h. The County shall provide all testing results and flow measurements to Plaintiffs on a quarterly basis.

6. **Waimea 400 Parcel.** Beginning within thirty (30) days of execution of this Agreement, the County shall implement the following best management practices to minimize pollution from the Waimea 400 Parcel and the ditches leading to the Kīkīaola Harbor Drain:

    a. Pollution control measures including biofilters and absorbent fabric for petroleum products shall be deployed and maintained in the area where equipment is staged; and

    b. Any future activity requiring grubbing shall include deployment of erosion control measures including biofilter socks or silt fences.

7. **Waimea WWTP.** Beginning within thirty (30) days of execution of this Agreement, the County shall implement the following pollution control measures at the Waimea WWTP:

    a. Covered storage and secondary containment for lubricating oil, and all fuel shall be stored in approved containers and storage cabinets;

    b. Absorbents shall be utilized during repair of the Waimea WWTP pumps and other mechanical equipment to prevent contamination from oil and other petroleum products;

    c. Herbicides made with glyphosate shall not be used at the Waimea WWTP;

    d. The County shall provide R-1 quality effluent to the Waimea Athletic Field and shall continue to seek new customers for the use of R-1 water;

8. **Maui Asphalt.** Beginning within thirty (30) days of execution of this Agreement:

    a. The County shall conduct quarterly inspections of Maui Asphalt's operations via either a Department of Public Works employee or a third-party inspector under contract. Maui Asphalt's Stormwater Pollution Prevention Program, as per its NPDES Permit from DOH, will be used to develop a best management practice checklist for each potential pollutant source at Maui Asphalt's operation, which the County will use in conducting the quarterly inspections.

    b. The County shall provide quarterly updates to Plaintiffs regarding Maui Asphalt's progress on securing a new site for its plant.

## NOTIFICATIONS

9. Whenever notifications, reporting, or other communications to Plaintiffs or Defendants are required by this Agreement, they shall be in writing, and be addressed and sent via U.S. Mail and/or electronic mail as follows:

To Plaintiffs in this lawsuit, via Plaintiffs' attorneys of record:

10

Kylie W. Wager Cruz
Elena L. Bryant
David L. Henkin
Earthjustice
850 Richards Street, Suite 400
Honolulu, Hawaiʻi 96813
kwager@earthjustice.org
ebryant@earthjustice.org
dhenkin@earthjustice.org

To Defendant the Director of Health, via the Director of Health's attorneys of record:
Melissa J. Kolonie
Dale K. Sakata
Joanna B.K.F. Yeh
Deputy Attorney General
Department of the Attorney General, State of Hawaiʻi
465 S. King Street, Room 200
Honolulu, Hawaiʻi 96813
melissa.j.kolonie@hawaii.gov
dale.k.sakata@hawaii.gov
joanna.yeh@hawaii.gov

To Defendant County of Kauaʻi, via the County Engineer and the County's attorneys of record:
Troy Tanigawa
County Engineer
Department of Public Works
County of Kauaʻi
4444 Rice Street, Suite 275
Līhuʻe, Hawaiʻi 96766
ttanigawa@kauai.gov

      Andrew Michaels
      Matthew Bracken
      Deputy County Attorney
      Office of the County Attorney
      County of Kauaʻi
      4444 Rice Street, Suite 220
      Līhuʻe, Hawaiʻi 96766
      amichaels@kauai.gov
      mbracken@kauai.gov

      10.    Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided in Paragraph 9, *supra*.

## ENFORCEMENT OF THE AGREEMENT

      11.    The United States District Court for the District of Hawaiʻi will retain jurisdiction to enforce the terms of this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). In granting any motion by Plaintiffs to enforce the terms of the Agreement, the Court shall be limited to ordering specific performance. Should the Court order specific performance and Plaintiffs subsequently seek to enforce that order, the Court shall have available to it all remedies for any violation of the Court's specific performance order.

## USE AND EFFECT OF AGREEMENT

      12.    This Agreement was negotiated and executed by the Parties in good faith to avoid expensive and protracted litigation regarding the "Remedy Phase" of this lawsuit. This Agreement shall not constitute an admission or adjudication with respect to any allegation made by any Party. This Agreement shall not constitute

12

an admission of any wrongdoing or misconduct on the part of Defendants. This Agreement shall not constitute an acknowledgment by Plaintiffs that there was no wrongdoing or misconduct.

13. Plaintiffs reserve their right to bring subsequent actions challenging the adequacy of any NPDES permit that the County may obtain from DOH/the Director of Health. This Agreement shall not constitute an admission by Plaintiffs that the County's compliance with the Agreement satisfies its obligations under the CWA.

14. Plaintiffs and DOH/the Director of Health agree that nothing in this Agreement precludes DOH/the Director of Health from regulating discharges into ditches of the Mānā Plain Drainage Ditch System, in addition to the discharges from the outfalls into the ocean.

15. Plaintiffs and DOH/the Director of Health agree that nothing in this Agreement affects the Director of Health's dismissal from the lawsuit *Nā Kiaʻi Kai. v. Nakatani*, 401 F. Supp. 3d 1097 (2019).

## CIVIL PENALTIES

16. Plaintiffs waive their rights to seek assessment of civil penalties against the County for past discharges and for any discharges that have or will occur during the "Remedy Phase" of the lawsuit through DOH/the Director of Health's issuance of a NPDES permit for the Kīkīaola Harbor Drain.

## FEES AND COSTS

17.     Plaintiffs reserve their rights to seek recovery from DOH/the Director of Health of attorneys' fees incurred in the "Liability Phase" of this lawsuit through the Court's June 13, 2023 order granting Plaintiffs summary judgment. Plaintiff have waived their rights to seek recovery from the County of attorneys' fees incurrent in the "Liability Phase" of this lawsuit, as previously stated in paragraph 2 of the Joint Stipulation Between Plaintiffs and Defendant County of Kauaʻi Re: Plaintiff's Motion for Summary Judgment, filed May 19, 2023.

18.     Plaintiffs waive their rights to seek recovery from the County and DOH/the Director of Health of attorneys' fees incurred in the "Remedy Phase" of the lawsuit, *i.e.* after June 13, 2023, through the Court's approval of this Agreement.

19.     Plaintiffs reserve their rights to seek recovery from DOH/the Director of Health of Plaintiffs' costs other than attorneys' fees incurred in the "Liability Phase" or "Remedy Phase" of this lawsuit, through the Court's approval of this Agreement.

20.     The County shall remit to Plaintiffs' counsel within 45 days of the execution and delivery of this Agreement FIVE THOUSAND DOLLARS ($5,000), which shall fully satisfy Plaintiffs' claim against the County for costs

14

other than attorneys' fees incurred in the "Liability Phase" and "Remedy Phase" of this lawsuit, through the Court's approval of this Agreement.

21.   Once the Court has entered an order dismissing this case with prejudice, Plaintiffs and DOH/the Director of Health will have sixty (60) days to reach agreement regarding Plaintiffs' claim for an award of attorneys' fees and costs.  If Plaintiffs and DOH/the Director of Health are unable to reach agreement on an amount pursuant to the pre-motion meet-and-confer provisions set forth in Local Rule 54.2(d):

    a. Plaintiffs and DOH/the Director of Health shall file a joint statement pursuant to Local Rule 54.2(e) within forty-five (45) days after entry of an order dismissing the case with prejudice, and

    b. Plaintiffs shall file a motion for attorneys' fees and costs within (60) days after the Court's entry of an order dismissing the case with prejudice.

22.   Plaintiffs reserve their rights to seek recovery from the County and DOH/the Director of Health of attorneys' fees and costs incurred in enforcing the terms of this Agreement after the Court's approval of this Agreement.

AUTHORIZATION TO SIGN

23.   This Agreement shall apply to and be binding upon the Parties, their members, delegates, and assigns.  The undersigned representatives certify that they

15

are authorized by the Party or Parties they represent to enter into this Agreement and to execute and legally bind that Party or Parties to the terms and conditions of this Agreement.

Executed this 30th day of January, 2024.

/s/ Kylie W. Wager Cruz
DAVID L. HENKIN
KYLIE W. WAGER CRUZ
ELENA L. BRYANT
EARTHJUSTICE

Attorneys for Plaintiffs
NĀ KIAʻI KAI and SURFRIDER FOUNDATION


/s/ Andrew Michaels
MATTHEW M. BRACKEN  #10267
County Attorney
ANDREW MICHAELS     #10407
Deputy County Attorney
Office of the County Attorney
4444 Rice Street, Suite 220
Līhuʻe, Hawaiʻi 96766
T: (808) 241-4930
Email:  mbracken@kauai.gov
        amichaels@kauai.gov

Attorneys for Defendant
COUNTY OF KAUAʻI


/s/ Dale K. Sakata
MELISSA J. KOLONIE   #10109
DALE K. SAKATA       #5861
JOANNA B.K.F. YEH    #7764
Deputy Attorneys General

16

        Department of the Attorney General,
        State of Hawaiʻi
        465 South King Street, Room 200
        Honolulu, Hawaiʻi 96813
        T: (808)587-3050
        Email:  melissa.j.kolonie@hawaii.gov
                  dale.k.sakata@hawaii.gov
                  joanna.yeh@hawaii.gov

        Attorneys for Defendant
        ELIZABETH A. CHAR, in her official
        capacity as Director of Health of the STATE
        OF HAWAIʻI DEPARTMENT OF
        HEALTH

APPROVED AND SO ORDERED.

DATED:  April 3, 2024 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge

17